(Hamilton County Common Pleas, 1901.)

DAVID E. GWINNE v. ABRAM E. GWINNE, et al.

---

There are three classes of cases which have been held to be sufficient demonstrations of an intended execution of a power: (1.) Where there has been some reference in the will, or other instrument, to the power: (2.) Or a reference to the property, which is the subject on which it is to be executed: (3. Or where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power.

When the consent of any person is required to the execution of the power, that like every other condition must be complied with. And if the person whose consent is necessary, die before the execution of the power, and without having assented, the power is gone, although his death was an act of God. So where the consent of several persons is required, the death of one of them destroys the power, for the consent of the survivors will not satisfy the words of the power.

---

JELKE, J.

Abram E. Gwinne, formerly of this city, died on or about January 30, 1855, seized of valuable real estate situated here. He left surviving him his wife Cettie M. Gwinne, and five children, Alice Gwinne afterwards Alice G. Vanderbilt, Edith O. Gwinne afterwards Edith O. Gill and since deceased, Cettie M. Gwinne afterwards Cettie M. Shepherd, and two sons David E. Gwinne, since deceased, and Abram E. Gwinne.

He left a last will and testament which was duly admitted to probate in this county, a copy of wh'ch is Exhibit "A" to the petition of the trust company filed herein. The second paragraph of the will is as follows, viz.:

"Item second. I direct that my estate, real, personal and mixed, be divided into six equal portions and divided equally between my wife, my two sons and three daughters, that is to say: My wife shall receive one-sixth of my entire estate, each son one-sixth and each daughter one-sixth.

The share hereby bequeathed to my wife, shall be in lieu of the share thereof allowed by law, and shall be to her in fee simple, with full power of disposal thereof by deed, will or otherwise. The shares hereby bequeathed to my sons are to them and their heirs forever. The shares bequeathed to my daughters are to each for life and at her death to her children in fee. The income arising from the share of each one is to be paid her on her sole and separate receipt, and the share

of each as also the income arising therefrom shall be under the entire and separate control of my said daughter, without any control whatever to be exerted over the same by her husband. Nor shall either of my said daughters dispose of the estate hereby bequeathed her in any other manner than by will, nor shall she convey in any manner to her husband or for his benefit, other than by will, and then only by the consent of my wife, Cettie M. Gwinne in writing.

"The provisions as above apply to each of my daughters as also the restrictions."

His widow, Cettie M. Gwinne, declined to take under the will and her dower in the estate was set off to her. She died on April 16, 1894.

On January 20, 1887, the said David E. Gwirne filed his petition in this case against his brother Abram E. Gwinne, and his sisters Cettie M. Gwinne afterwards Cettie M. Shepherd, Edith O. Gwinne afterwards Edith O. Gill, and Alice G. Vanderbilt and her husband and children, for partition of the real estate in this city in which he and his brother Abram E. Gwinne, deceased, held an undivided interest in fee simple, and in which each of his sisters held an undivided interest for life, etc. Such proceedings were had in the case that this court on May 2, 1887, entered herein its decree for partition, finding among other things the interest of the said parties in the real estate; that the interest of David E. Gwinne and Abram E. Gwinne was in fee simple, while he interest of the said Edith O. Gwinne and each of her sisters was for the term of her life with the remainder in fee to her children. The property could not be actually partitioned between the parties in interest, and it was sold under proceedings in this case. Two lots were first sold, and this court in this cause on February 9, 1891, entered its decree finding, among other things, as follows, viz.:

"That by the terms of the last will and testament of Abram E. Gwinne, deceased, and of the decree heretofore entered herein, the defendants Edith O. Gwinne now Edith O. Gill, Cettie M. Gwinne now Cettie M. Shepherd, and Alice G. Vanderbilt are each the owner of an estate for life in the undivided sixth of said property, with remainder to their respective children, or if either should die without children, to the heirs at law of said Abram E. Gwinne, deceased, it is ordered, adjudged and decreed that the Central Trust & Safe Deposit Company of Cincinnati be appointed trustee to receive, hold and invest the proceeds of said several shares of said property

for the benefit of all parties interested therein, and that the sum of $4016.21 in cash and the two notes above referred to, together amounting to one-half of the net proceeds of the property so sold herein, be paid and delivered by the sheriff to said trustee, which said trustee is directed to hold and invest the same within a reasonable time in notes or bonds secured by first mortgage on real estate of at least double the value of the amount so secured, or in bonds of the United States, or of any state, or of any county or municipal corporation in this state on which default has never been made in the payment of interest, with full authority to change said investment whenever deemed advisable, one-third thereof for the benefit of said Edith O. Gill, one-third for the benefit of said Cettie M. Shepherd, and the remaining third for the benefit of said Alice G. Vanderbilt, during the natural life of each. And said trustee is further directed to pay to each of them, from time to time, as received, the net income derived from her said share, including any interest collected from Charles Kuhl upon the purchase money notes received from the sheriff, and upon the death of either to hold her said share and any income thereafter derived therefrom, subject to the further order of this court."

And said fund was so paid to said trust company.

Afterwards the remaining property was sold in this case, and this court by its decree entered herein on June 22, 1893, found and ordered among other things as follows, viz.:

"And it appearing to the court by the terms of the last will and testament of Abram E. Gwinne, deceased, and of the decree heretofore entered herein, the defendants, Edith O. Gwinne now Edith O. Gill, Cettie M. Gwinne now Cettie M. Shepherd, and Alice G. Vanderbilt, are each the owner of an estate for life in an undivided sixth of said property with remainder to their respective children, or if either should die without children, to the heirs at law of said Abram E. Gwinne, deceased, and that The Central Trust and Safe Company has been heretofore appointed trustee to reveive and hold said shares for all persons interested therein, it is ordered that The Central Trust & Safe Deposit Company of Cincinnati receive and hold one-half of said fund, to-wit: the sum of $55,010.77 as trustee, to be held, invested and disbursed by it in accordance with the provision of the decree heretofore entered on the ninth day of February, 1891."

Afterwards on or about January 9, 1899, the said Edith O. Gill died without issue, leaving

a last will and testament which has been duly admitted to probate by the surrogate court of the county of New York in the state of New York, a copy of which is Exhibit "B" to the petition filed by the said trust company herein for instructions, which will contains the following bequests, viz.:

II. To beloved husband William Fearing Gill, I give and devise for and during his natural life or until he shall re-marry, all my real estate wheresoever situate, included in which estate are the premises No. 3 East Eighty sixth street in the city of New York, the title to which by mistake in drafting the deed of conveyance now stands in our joint names; but such error is to be corrected and the absolute title vested in me by my husband deeding to me all his right, title and interest in said premises.

III. To my said husband for his natural life or until he shall re-marry, I give and bequeath the entire net income and interest which shall accrue after my decease from my personal estate.

IV. On the decease or re-marriage of my said husband I give and devise all and singular the real estate above devised to my husband for and during his natural life or until he shall re-marry, to my brothers David Eli Gwinne and Abram Evan Gwinne in fee share and share alike.

"I also give and bequeath to my said brothers to be equally divided between them, all my personal property from and after the decease or the re-marriage of my said husband. Should either of my said brothers die before me or before the death or the re-marriage of my said husband, not leaving lawful issue him surviving, then the survivor of them shall have and take the share of the said real and personal estate which the deceased, if living, would have taken. But, if the deceased shall leave lawful issue, then I give, devise and bequeath to such lawful issue their parent's share in said real and personal estate."

It appears from the evidence that the said Edith O. Gill had at the time of her death both real and personal property, other than any interest she may have had in the fund in question, applicable to the devisees and bequests made in her will.

On the death of said Edith O. Gill, the surviving heirs at law of the said Abram E. Gwinne, deceased, were his two sons, David E. Gwinne and Abram E. Gwinne, and his daughters the said Alice G. Vanderbilt and Cettie M. Shepherd. Recently the said David E. Gwinne has died leaving a last will and testament which has been duly admitted to probate by the Surrogate Court of the county

of Nassau, in the state of New York, and a copy thereof is Exhibit "C" to said petition of said trust company, filed herein for instructions.

In accordance with the terms of the decree heretofore referred to, the said Central Trust & Safe Deposit Company of Cincinnati on June 23, 1900, filed its petition herein for instructions as to the disposition it is now to make of the fund so placed in its hands for the benefit of the said Edith O. Gill during her life, and any accumulations thereof, or income therefrom since her death, etc.

At the time of the death of the said Edith O. Gill, viz.: on or about January 9, 1899, the said Central Trust & Safe Depsosit Company of Cincinnati had in its hands and received under said decrees the principal sum of $63,053.64, the said Edith O. Gill being entitled to one-third part of the net income therefrom during her life, and that after her death the said The Central Trust & Safe Deposit Company sold the United States bonds constituting a part of said trust fund at a net profit of $1787.50, which should be and has by said company been added to the principal of said trust fund, and which makes the whole of the trust fund now held by it under said decrees amount to the sum of $64,241.14    That during the life of said Edith O. Gill the said trust company has overpaid to her the sum of $26.74.    That at the time of the death of said Edith O. Gill it had received, but had not then paid to the parties in interest, income from said trust amounting to $277 32, one-third of which, viz.: $92.44, the said Edith O. Gill was entitled to less the said sum of $26.74, so overpaid to her, and leaving a balance of such income in the sum of $65.70, which the said Edith O. Gill was entitled to receive at her death, and that one-third of the income received by it from said trust fund since the death of the said Edith O. Gill is $1194.24, from which should be deducted one-third of the amount of the taxes paid by said trust company on the whole of said trust fund in June 1900, and which one-third amounts to $86.75, leaving a balance of $1105.49 of the net income so received by said trust company since the death of the said Edith O. Gill; that a part of the fund received by said trust company under said decrees was by it during the life of the said Edith O. Gill invested in United States bonds and the amount of premium paid therefor was by it deducted from the subsequent payments of income to the beneficiaries under said trust, and that said bonds have been sold since the death of said Edith O. Gill at a profit sufficient to pay the said premium and leave said sum of $1787.50 to be added to the principal aforesaid, and that one-third part of

said premium so paid and deducted from the income to which the said Edith O. Gill was entitled during her life with interest to July 1, 1900, is now $221.80, and which sum is referred to in the said petition as the sinking fund.

The questions presented by the petition of the trust company involve the consideration of the sufficiency of Mrs. Gill's will to pass any interest in the fund in question, and upon the answer to that question depends the disposition to be now made of the fund.

Edith O. Gill's power of disposition over the fund herein involved is couched in the following language of her father's will:

"Nor shall either of my daughters dispose of the estate hereby bequeathed her in any other manner than by will, nor shall she convey in any manner to her husband, other than by will, and then only by the consent of my wife Cettie M. Gwinne in writing."

Cettie M. Gwinne died prior to the making of the said last will and testament of the said Edith O .Gill, deceased, and never gave her consent in writing to the making thereof, nor to the devise and bequest therein for the benefit of the husband of the said Edith O. Gill, the said William Fearing Gill.

First; It is not clear and certain that the said Edith O. Gill in making her last will and testament intended to execute the power given to her in her father's will.

Judge Story in the case of Blagge v. Miles, 1 Story (Mass.) 426-458, after an exhaustive and learned examination of the English authorities states that there are three clases of cases which have been held to be sufficient demonstrations of an intended execution of a power:

(1.) Where there has been some reference in the will, or other instrument, to the power:

(2.) Or a reference to the property, which is the subject on which it is to be executed:

(3.) Or where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power.

These canons of interpretation have been followed and approved in the case of Lee v. Simpson, 134 U. S., 572-587-590. They are laid down in Sugden on Powers, Vol. 1, p. 404, (*p. 356) note 1. Also see Blake v. Hawkins, 98 U. S., 315-326; Warner v. Connecticut Mut. Life Ins. Co., 109 U. S., 357, 366; White et al. v. Hicks et al., 33 N. Y., 383-392; Funk v. Eggleston 92 Ill., 538; Meeker v. Breintnall, 38 N. J. Eq., 345.

Measuring the terms of the devise and bequest contained in items two and three of Edith O. Gill's last will and testament by these canons, I find:

(1.) No reference to the power given to her by her father's will.

(2.) No reference to the fund herein involved and which came to her from her father's estate and under his will.

(3.) That Edith O. Gill died seized of other real estate and possessed of other personal property upon which these provisions of her will would operate, and that therefore irrespective of any execution of the power and of this fund these provisions of her will would be effectual and of full force.

Sugden on Powers 428, 429, p. 55, 56, 57; Davies v. Williams, 1 Adolphus & Ellis, 588.

Second: The condition upon which this power can only be executed has not been complied with.

"When the consent of any person is required to the execution of the power, that like every other condition must be complied with." Sugden on Powers, Vol. 1, p. 370, 117.

"And if the person whose consent is necessary, die before the execution of the power, and without having assented, the power is gone, although his death was an act of God. So where the consent of several persons is required, the death of one of them destroys the power, for the consent of the survivors will not satisfy the words of the power." Sugden on Powers, Vol. 1, p. 371, P. 8; Sympson v. Hornsby Prac. in Ch., 452 case 290; Mansell v. Mansell, Wilmots Opinions 36, Sugden, p. 371 Par. 9.

This court is therefore of opinion that the last will and testament of Edith O. Gill, aforesaid, is insufficient to convey, dispose of, devise or bequeath to any person the interest she had for her life, or power to dispose of, in the principal of the fund in question, or in any accumulations thereof, or in any income therefrom accruing after her death, and that neither the said William Fearing Gill, nor said Frederick C. Wagner as the administrator of her estate with the will annexed, nor any other person, named in her said last will and testament, or any other person, have by or under the said last will and testament of the said Edith O. Gill, deceased, acquired or become entitled to any right or interest in the principal of said trust fund or any accumulations thereof, in the hands of the said The Central Trust & Deposit Company of Cincinnati, nor in the income therefrom received since her death; as, however, the said Edith O. Gill, deceased, was while in life entitled to receive the said sum of $65.70, and as said sum of $221.80 represents, with interest, the sum which was as aforesaid deducted from the income to which she was entitled during her life, the said Fredrick C. Wagner, as the administrator of her estate with the will annexed, is

now entitled to receive the said two sums less their proportionate part of the costs and expenses hereinafter stated.

That upon the death of the said Edith O. Gill, the one-third interest in the principal of said trust fund represented by her during her life, passed absolutely to the heirs at law of the said Abram E. Gwinne, deceased, whom the court find were then the said Abram E. Gwinne and the said David E. Gwinne, then in life, but since deceased, and the said Alice G. Vanderbilt and Cettie M. Shepherd, and that they were then entitled to the same equally.

Herbert Jenney, for petitioner.